1  Scott Kalkin, State Bar No. 120791
   William Reilly, State Bar No. 177550
2  **ROBOOSTOFF & KALKIN**
   A Professional Law Corporation
3  369 Pine Street, Suite 820
   San Francisco, California 94104
4  (415) 732-0282

5  Attorney for Plaintiff Demetria Mendivil

6
                    UNITED STATES DISTRICT COURT
7
                    NORTHERN DISTRICT OF CALIFORNIA
8
   Demetria Mendivil ,                    )
9                                         )
                    Plaintiff,            )   **Case No.**
10                                        )
           vs.                            )   COMPLAINT
11                                        )
   Hartford Life And Accident Insurance  )
12 Company, Group Long Term Disability    )
   Plan for employees of Trustees Of The )
13 Children's Hospital Association And    )
   Affiliated    Organizations    Trust -)
14 Participating Employer: Stanford Health)
   Care - Valleycare, Trustees of the    )
15 Children's Hospital Association and    )
   Affiliated Organizations Trust         )
16                                        )
                    Defendants.           )
   _____
17

18                        JURISDICTION

19         1.     This action for declaratory, injunctive, and monetary relief is brought

20 pursuant to 502 of ERISA (29 U.S.C. 1132), and the Declaratory Judgment Act, 28

21 U.S.C. 2201.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant

22 to 28 U.S.C. 1331 because this action arises under the laws of the United States.

23                           VENUE
24
           2.     Venue lies in the Northern District of California because, pursuant to
25
   ERISA 502 (e) (2) (29 U.S.C. 1132 (e) (2)), the Group Long Term Disability Plan for
26
   employees of Trustees Of The Children's Hospital Association And Affiliated Organizations
27
   Trust - Participating Employer: Stanford Health Care - Valleycare ("PLAN"), is administered in
28

1   this District and the wrongful conduct alleged herein took place in this District.  Venue is

2   also proper pursuant to 28 U.S.C. 1391 (b), in that a substantial part of the events or

3   omissions giving rise to Plaintiff's claims occurred within this District.  Plaintiff was an

4   employee of Stanford Health Care - Valleycare ("Stanford").  Stanford' employees were

5   insured under the PLAN.

6                                    INTRADISTRICT ASSIGNMENT

7        3.      This action should be assigned to the division in San Francisco pursuant

8   to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the

9   County of San Francisco, the location where a substantial portion of the long-term

10  disability claim which is the subject of this lawsuit was administered.

11                                           PARTIES

12       4.      At all relevant times, Plaintiff Demetria Mendivil was, and is, a

13  PARTICIPANT, as defined in ERISA 3 (7) (29 U.S.C. 1002 (7)), in the PLAN.

14       5.      At all relevant times, the PLAN was an employee welfare benefit plan

15  within the meaning of ERISA 3 (1) (29 U.S.C. 1002(1)), sponsored by Stanford, and/or

16  its predecessor(s) and/or successor(s) in interest, and administered, at least in part, in

17  San Francisco, California.  At all relevant times, the PLAN offered benefits to

18  employees. At all relevant times, the PLAN offered disability benefits to employees,

19  including Plaintiff, through, *inter alia*, an insurance policy issued by defendant Hartford

20  Life And Accident Insurance Company (hereinafter "Hartford").

21       6.      At all relevant times, Hartford, Stanford and Trustees of the Children's

22  Hospital Association and Affiliated Organizations Trust were claim administrators, plan

23  administrators and/or fiduciaries of the PLAN within the meaning of ERISA 3 (21), 29

24  U.S.C. 1002 (21).

25                              FACTS COMMON TO ALL CLAIMS

26

27       7.      Prior to her disability, Plaintiff worked full-time for Stanford as a nurse at

28  Valleycare Hospital for over seventeen years.

8.     Between August 10, 2021, and the present, and at all other relevant times, Plaintiff complied with all terms and conditions of the PLAN and was, and continues to be, totally disabled under the terms of the PLAN.

9.     On or after August 10, 2021, Plaintiff filed a long-term disability claim for with Defendants arising out of her Fibromyalgia, Chronic Fatigue, Arthritis, Hypertension, Asthma, Degenerative Spinal Issues, foot surgery that resulted in her being unable to walk and/or stand for extended time periods and cognitive impairment.

10.    By way of a letter dated April 10, 2022, Hartford denied her claim for disability benefits because "Your Evidence of Insurability is not satisfactory to Us" and "our medical underwriting department confirmed your Long-Term Disability coverage was not approved and was denied effective 3/2/2017."

11.    Plaintiff appealed the decision to deny her claim on June 16, 2022 as she had paid premiums and was insured under the Plan since on or March 2017.

12.    On August 19, 2022, the Plan Administrator informed Plaintiff's counsel that Ms. "Mendivil . . . will be grandfathered in," as she was insured under the Plan before Hartford insured the Plan and Ms. Mendivil continued to pay premiums to the Plan.

13.    On August 26, 2022, Plaintiff informed Hartford that the Plan Administrator confirmed that Ms. Mendivil was insured under the Plan and requested that her appeal be immediately granted.

14.    On September 8, 20 & 30, 2022, Plaintiff wrote Hartford and requested a response to the correspondence and that her appeal be immediately granted.

15.    Hartford has not responded and/or issued a decision on the appeal that was filed on June 16, 2022.  Thus, all efforts to exhaust administrative remedies have been futile and Plaintiff's appeal must be deemed denied.

16.    On and after June 16, 2022, and at other times, Plaintiff requested that Defendants produce certain documents to which she was entitled pursuant to ERISA and the applicable Department of Labor regulations.

17.     Plaintiff has exhausted her administrative remedies.

<u>FIRST CLAIM FOR RELIEF</u>

(Claim for Plan Benefits Pursuant to ERISA  502(a) (1) (B); [29 U.S.C.  1132(a)(1)(B)].)

18.     Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 17 of this complaint.

19.     ERISA  502(a) (1) (B) (29 U.S.C.  1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

20.     By, *inter alia*, failing to pay Plaintiff long-term disability benefits despite her complying with the PLANs requirement of submitting proof of her total disability; failing to provide a full and fair review of the claim and the adverse benefit determination; failing to provide a review that takes into account all comments, documents, records, and other information; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide Plaintiff with medical or other documentation which substantiated its decision to terminate benefits; and failing to produce documents to which Plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, Defendants has violated, and continues to violate, the terms of the PLAN and Plaintiff's rights thereunder.

**WHEREFORE,** Plaintiff prays that the Court enter judgment against Defendants as is hereinafter set forth.

<u>**SECOND CLAIM FOR RELIEF**</u>

(For Equitable Relief Under ERISA 502(a) (3).)

21.     Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 20 of this complaint.

22.     ERISA  502(a) (3) [29 U.S.C. 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

23.     29 CFR § 2560.503-1 (h) sets forth the minimum requirements to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination.

24.     In their capacity as a claims fiduciary, Defendants owed Plaintiff certain fiduciary duties, including that it discharge its duties:

a)  for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

b)  with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

c)  in accordance with 29 CFR § 2560.503-1 and the documents and instruments governing the PLAN; and

d)  without misleading Plaintiff or misrepresenting information about the status of her claim.

25.     Defendants violated the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R.  2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA 404 (29 U.S.C. 1104); violating the terms of the PLAN; failing to provide a full and fair review of the claim and the adverse benefit determination in violation of 29 CFR § 2560.503-1(h)(1); failing to provide a review that takes into account all comments, documents, records, and other information in violation of 29 CFR § 2560.503-1(h)(2)(iv); failing to furnish Plaintiff with documents relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying her claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based; failing to provide Plaintiff with a description of

1  what information was needed to perfect her claim information in violation of 29 CFR §

2  2560.503-1(g)(1)(iii); failing to respond and/or issue a decision on appeal; and

3  repeatedly ignoring evidence, medical records and physicians' opinions which support

4  Plaintiff's claim.

5      26.    Defendants' acts and omissions as alleged herein constitute a breach of

6  its fiduciary duties owed to Plaintiff.

7      27.    As a direct and proximate result of Defendants' breach of its fiduciary

8  duties as herein alleged, Plaintiff has incurred consequential financial losses and

9  Defendants have realized gains, meriting the imposition of an equitable surcharge

10  against Defendants.

11      28.    As a direct and proximate result of the improper acts and/or omissions

12  herein alleged, Plaintiff has been compelled to incur reasonable attorney's fees and

13  other costs associated with the investigation of this claim and the prosecution of this

14  action.

15      WHEREFORE, Plaintiff prays that the Court enter judgment against the

16  Defendants as follows:

17                        **THIRD CLAIM FOR RELIEF**

18      (For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)] Against

19  Defendants Group Long Term Disability Plan for employees of Trustees Of The

20  Children's Hospital Association And Affiliated Organizations Trust - Participating

21  Employer: Stanford Health Care – Valleycare and Trustees of the Children's Hospital

22  Association and Affiliated Organizations Trust)

23      29.    Plaintiff incorporates as though set forth in full the allegations contained in

24  paragraphs 1 through 28 of this complaint.

25      30.    ERISA section 502(C) and the related Department of Labor regulations

26  provide in pertinent part that any administrator who fails or refuses to comply with a

27  request for any information which such administrator is required to furnish to a

28  participant within thirty (30) days of a request therefor may be liable to the participant for

penalties of up to $110.00 per day from the date of such failure or refusal, as well as for such other relief as the Court deems proper.

31.   On and after June 16, 2022 and at other times subsequent thereto, Plaintiff's counsel mailed Defendants, who are the plan administrator, a request for plan documents and other documents Plaintiff, as a plan participant, was entitled to.

32.   Despite this request, said Defendants have refused, and continues to refuse, to provide Plaintiff with the requested documents.  As such, Plaintiff is entitled to an award of penalties and other appropriate relief as set forth above.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendants as follows:

## **PRAYER FOR RELIEF**

A.   Declare that Defendants violated the terms of the PLAN and Plaintiff's rights thereunder by failing to pay Plaintiff long-term disability benefits;

B.   Order Defendants to pay Plaintiff all long-term disability benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.   Declare Plaintiff's right to receive future disability benefit payments under the terms of the PLAN;

D.   Declare that Defendants breached its fiduciary duties to Plaintiff and the PLAN and enjoin Defendants from continuing to violate 29 CFR § 2560.503-1(h);

E.   Impose an equitable surcharge, payable to Plaintiff, against Defendants, in an amount sufficient to fully compensate her for the consequences of Hartford's breach, measured by financial loss to Plaintiff and/or gain realized by defendant;

F.  Award Plaintiff pre-judgment interest on all monies requested herein;

G.  Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA 502(g) [29 U.S.C. 1132 (g)];

H.  Assess penalties against Defendants plan administrators pursuant to 29 U.S.C. § 11329(C) and the applicable Department of Labor Regulations for each failure to timely produce documents and information; and

I.  Provide such other relief, as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: November 11, 2022          By:   /s/ *William Reilly*_____
                                        William Reilly
                                        Attorneys for Plaintiff Demetria Mendivil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

COMPLAINT